# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROY SMITH and DIANE M. SMITH,

    Plaintiffs,

v.                                                                                                  Case No. 15-13019

NATIONSTAR MORTGAGE,

    Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This case arises out of a foreclosure by advertisement on Roy and Diane Smith's property in Flat Rock, Michigan. On July 27, 2015, Plaintiffs filed this action in Wayne County Circuit Court asking the court to set aside the foreclosure and award damages. (Dkt. # 1-2.) The claims arise under the federal Real Estate Settlement Procedures Act (RESPA) and Michigan state law. On August 25, 2015 Defendant timely filed a notice of removal, invoking this court's federal question and diversity jurisdiction. (Dkt. #1, Pg. ID 2-3.).

Pending before the court is Defendant's Motion to Dismiss. (Dkt. # 6.) Plaintiffs have filed a Response,(Dkt. # 8), and Defendant has Replied, (Dkt. # 10). Thus, the matter has been fully briefed and the court concludes that a hearing on the motion is unnecessary. *See* E.D. LR 7.1(f)(2). For the reasons stated below, the court will grant Defendant's Motion to Dismiss.

## I. BACKGROUND

On December 19, 2007, Plaintiffs granted a mortgage on their property, and Defendant Nationstar Mortgage later assumed ownership of that mortgage. (Dkt. # 1-2, Pg. ID 11.) In January of 2013, Plaintiffs defaulted on their payments and thereafter submitted multiple loan modification applications in an attempt to avail themselves of loss mitigation alternatives. (*Id.* at Pg. ID 12.) Defendant offered a trial payment plan on May 13, 2013, but the payments were higher than Plaintiffs' previous payments under the mortgage. (*Id.*) As a result, the Plaintiffs were unable to make payments on their mortgage and Defendant held a foreclosure sale on April 22, 2015. (*Id.*)

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Under the Rule, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pleaded factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

However, to survive a motion to dismiss, a complaint must provide sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555.) Additionally, on a motion to dismiss, a court is usually limited to the complaint and attached exhibits, but it may also consider "public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss so long as they are refereed to in the complaint and are central to the claims contained therein." *Erie County v. Morton Salt, Inc.*, 702 F.3d 860, 863 (6th Cir. 2012) (quoting *Bassett v. Nat'l Coll. Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008)).

### III. DISCUSSION

Plaintiffs' complaint asserts five claims: (1) wrongful foreclosure; (2) breach of contract; (3) fraudulent misrepresentation; (4) a federal claim arising under RESPA; and (5) negligence.

### A. Wrongful Foreclosure

Plaintiffs' Count I, wrongful foreclosure, is based on five alleged violations of state and federal law. Michigan courts hold that to set aside a foreclosure the plaintiff must allege "(1) fraud or irregularity in the foreclosure proceeding, (2) prejudice to the mortgagor, and (3) a causal relationship between the alleged fraud or irregularity and the alleged prejudice." *Diem v. Sallie Mae Home Loans, Inc.*, 859 N.W.2d 238, 242

(Mich. Ct. App. 2014) (citing *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012)).

 First, Plaintiffs argue that Defendant "fail[ed] to properly calculate the amount claimed to be due on the date of the notice of foreclosure." (Dkt. # 1-2, Pg. ID 12.) While, if true, this might satisfy the first element of a foreclosure challenge, Plaintiffs' bare-bones complaint makes no attempt to allege prejudice or a causal relationship between the miscalculation and prejudice. Plaintiffs do not assert that they had or have the funds to satisfy the "correct" amount due, nor do they assert what the correct amount is. Indeed, Plaintiffs are now demanding to be evaluated for a loan modification, which indicates that they are still unable to make good on their monthly payments, (*see id.* at Pg. ID 13), much less pay the accelerated full amount of the principal. *See Derbabian v. Bank of Am., N.A.*, 587 F. App'x 949, 955-57 (6th Cir. 2014) (finding that plaintiffs did not adequately plead prejudice where there was no allegation that they could have redeemed the property or paid off the debt owed.)

 Further, under Michigan law "a mortgage sale is not necessarily invalid because more is claimed than is in fact due, provided the claim is in good faith." *Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 663 (Mich. Ct. App. 2007) (quoting *Flax v. Mut. Bldg. & Loan Ass'n of Bay Co.*, 165 N.W. 835, 839 (Mich. 1917)). The claim for the amount due must be "significantly excessive" or in bad faith and an attempt must have been made to redeem the property. *Id.* Here, Plaintiffs have made no attempt to allege the correct amount due or that the amount claimed was significantly excessive or in bad faith. Having failed to make out a cause of action for wrongful foreclosure, Plaintiffs' claim based on the alleged calculation error fails.

4

Plaintiffs second and third grounds for their wrongful foreclosure claim are that Defendant "fail[ed] to post proper notice of the foreclosure 4 times in the paper" and "fail[ed] to publish adjournment in accordance with MCL 600.3220[.]" (Compl. ¶ 17(b-c).) Again, Plaintiffs have failed to allege prejudice; they "must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Kim*, 825 N.W.2d at 337.  Plaintiffs do not claim that they were unaware of the foreclosure sale or that they were deprived of any opportunity to respond to the foreclosure proceedings or sale.

Even if Plaintiffs had pleaded prejudice, the court would find that Plaintiffs' allegations regarding notice are clearly contradicted by the Sheriff's Deed attached as Exhibit 3 to Plaintiffs' Complaint. (Dkt. # 1-4, Pg. ID 33.) Considering a motion to dismiss, "a court may disregard allegations contradicted by facts established by exhibits and attached to the pleading." *Girgis v. Countrywide Home Loans, Inc.*, 733 F. Supp. 2d 835, 843 (N.D. Ohio 2010) (quoting *HMS Prop. Mgmt. Grp. Inc. v. Miller*, Nos. 94-3668, 94-3669,1995 WL 641308, at *3 (6th Cir. Oct. 31, 1995)). The Deed contains the text of the published notice and an affidavit stating that the notice was published in the Detroit Legal News on December 10, 17, 24, and 31 of 2014. (Dkt. # 1-4, Pg. ID 36.) Further, on a motion to dismiss a district court may consider matters outside the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice. *Wyser-Pratte Mgmt. Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005); *see also Erie County*, 702 F.3d at 863 (quoting *Bassett*, 528 F.3d at 430). The Detroit Legal News' publically available archives easily confirm that legal notice of foreclosure was published four times in December of 2014. Thus, even if prejudice and causation

had been pleaded, as a matter of public record and a matter on which the court may take judicial notice, the court would disregard the notice allegations.

The fourth and fifth grounds for their wrongful foreclosure claims are based on alleged RESPA violations. (Compl. ¶ 17(d-e).) These RESPA claims fail as discussed below,[1] and further, setting aside the merits of the RESPA claims, Plaintiffs have not and cannot allege prejudice and causation. Plaintiffs do not assert that they did in fact qualify for a loan modification, and even if they did qualify RESPA does not require a loan servicer to grant a modification. If Plaintiffs were satisfied with the consideration given to their loan modification application, there is still no guarantee that Nationstar would have granted the modification. Additionally, Plaintiffs have not alleged that they cold have satisfied their obligations under a modified loan. *Cf. Derbabian*, 587 F. App'x at 956-57 (concluding that a plaintiff must plead that they could have made good on their obligations under the mortgage but for defendant's conduct). Plaintiffs RESPA-based wrongful foreclosure claims are dismissed, also.

### B. Breach of Contract

Count II of the Complaint alleges that "Defendant breached the implied covenant of good faith and fair dealings in the contract with Plaintiffs" through its conduct. (Compl. ¶22.) Michigan, however, does not recognize a claim for breach of an implied covenant of good faith and fair dealing. *E.g*, *Fodale v. Waste Mgt. Of Mich., Inc. Belle*, 718 N.W.2d 827, 841 (Mich. Ct. App. 2006); *Isle Grill Corp. v. City of Detroit*, 666 N.W.2d

---

[1] *See infra* Part III.D

271, 279-80 (Mich. Ct. App. 2003) (citing *Ulrich v. Federal Land Bank of St. Paul*, 480 N.W.2d 910 (1991)). Thus, this claim is dismissed.

### C. Fraudulent Misrepresentation

Plaintiffs' third count, fraudulent misrepresentation, is a good example of the type of pleading that fails under the *Twombly* standard. "[A] formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. The count reads as follows:

> 24. That the representations made by Defendant to the Plaintiffs were false statements of fact.
> 25. That Defendant knew that the representations, when made, were false.
> 26. That Defendant intended to induce the Plaintiffs to refrain from defending the foreclosure in reliance on the representations made by Defendant.
> 27. That Plaintiffs' reliance on the representations made by Defendant were justifiable in them refraining from challenging the foreclosure.
> 28. That irreparable damage will accrue to the Plaintiffs, in the form of loss of all rights, title and interest in and to the Subject Property unless the Sheriff's deed is rescinded.

Compl. ¶ 24-28. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  In addition, Rule 9(b) of the Federal Rules of Civil Procedure requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Accordingly, a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547

F.3d 564, 569-70 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen Corp.*, 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998)). Plaintiffs have failed to satisfy the pleading requirements for fraud, thus the court will dismiss Plaintiffs' claim for fraudulent misrepresentation.

**D. RESPA Claim**

The RESPA claim, Count IV, is based on violations of two regulations, 12 C.F.R. § 1024.38 and § 1024.41. The court takes each in turn.

As to the claim under § 1024.38, the court must first decide whether that regulation creates the private cause of action Plaintiffs assert. The court finds that it does not. Statutes, not regulations, create private rights of action. *See Alexander v. Sandoval*, 532 U.S. 275, 291 (2001). The Supreme Court has explained that,

> "[l]anguage in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not. . . . [I]t is most certainly incorrect to say that language in a regulation can conjure up a private cause of action that has not been authorized by Congress. Agencies may play the sorcerer's apprentice but not the sorcerer himself."

*Id.* (citations omitted). A regulation may be enforced through a private action if the regulation "effectuates the express mandate of the controlling statute" and Congress has created a private cause of action under that statute. *Ability Ctr. Of Greater Toledo v. City of Sandusky*, 385 F.3d 901, 906 (6th Cir. 2004). Valid and reasonable regulations "authoritatively construe the statute itself, and "[a] Congress that intends the statute to be enforced through a private cause of action intends the authoritative interpretation of the statue to be so enforced as well." *Sandoval*, 532 U.S. at 284.

8

Thus, the question is, under which statute was § 1024.38 passed, and does that statute provide a private right of action? Plaintiffs assert that § 1024.38 was passed under Section 6 of RESPA, codified at 12 U.S.C. § 2605, and is thus enforceable through that Section. (Compl. ¶ 40.) While 12 U.S.C. § 2605(f) does clearly create a private right of action ("Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts . . ."), Plaintiffs are wrong in asserting that the regulation, § 1024.38, was passed under that authority.

While § 1024.38 was originally proposed to be enacted under Section 6 of RESPA, concerns that a private action would lead to overenforcement of the statute lead the Consumer Financial Protection Bureau (CFPB) to change course and enact the regulation under its more general rulemaking authority found in three other statutory sections. *Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act (Regulation X)*, 78 Fed. Reg. 10,696, 10,779 (Feb. 14, 2013) (to be codified at 12 C.F.R. pt. 1024). The CFPB noted, "the Bureau is restructuring the final rule so that it neither provides private liability for violations of § 1024.38" nor "relies on its authorities under section 6 of RESPA to issue § 1024.38. Instead, the Bureau is adopting § 1024.38 pursuant to its authority under section 19(a) of RESPA[,] . . . section 1022(b) of the Dodd-Frank Act[, and] . . . section 1032(a) of the Dodd-Frank Act." *Id.* These three alternative statutory sections are broad grants of rulemaking authority to further general objectives and thus are not the type of statutes that create private causes of action. *See Sandoval*, 532 U.S. at 288-89. Accordingly, the court holds that violations of § 1024.38 cannot support a private action. Plaintiffs' claims under this regulation therefore fail as a matter of law.

Plaintiffs also advance a claim under § 1024.41, which does provide for a private cause of action. 12 U.S.C. § 1024.41(a) ("A borrower may enforce this provision of this section pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f))."). Defendant argues that this claim fails for two reasons: 1) Plaintiffs admit that Nationstar considered their first loan modification application and offered Plaintiffs a trial payment plan, and RESPA requires loan servicers to consider only one complete loss mitigation application; and 2) all the conduct Plaintiffs complain of occurred before § 1024.41 became effective. Plaintiffs' response fails to address either of these arguments. Because the court agrees with Defendant's first argument, the court need not decide whether all the relevant conduct did in fact occur before the regulation became effective.

The regulation provides that "[a] servicer is only required to comply with the requirements of this section for a single complete loss mitigation application." 12 C.F.R. § 1024.41(I). The regulation's requirements only apply to the first application, thereafter, the regulation imposes no obligation to respond to further duplicative requests. *Houle v. Green Tree Servicing, LLC*, No. 14-14654, 2015 WL 1867526, at *3 (E.D. Mich Apr. 23, 2015). The Complaint states that "Plaintiffs diligently provided Nationstar Mortgage with all documentation requested in order to provide some loss mitigation which included loan modification" and that "Plaintiffs were offered a trial plan on May 13, 2013, but that the trial payments were greater than their previous regular payment under the mortgage." (Compl. ¶¶ 13, 14.) Plaintiffs have not attempted to counter Defendant's argument and explain why this does not satisfy § 1024.41's requirements. Plaintiffs might argue that the trial payments were greater than their previous regular payments and that this somehow invalidates the offer, but the regulation is clear: "[n]othing in §

10

1024.41 imposes a duty on a servicer to provide a borrower with any specific loss mitigation option." 12 C.F.R. § 1024.41(a). Because "a borrower may not bring an action for violation of the loss mitigation rule if the borrower has previously availed himself of the loss mitigation process," *Houle*, 2015 WL 1867526, at *3, and Plaintiffs are attempting to do just that, their claims fail as a matter of law and are dismissed.

### E. Negligence

Finally, Count V alleges that Defendant was negligent in reviewing Plaintiffs' application for a loan modification and loss mitigation. In particular, they allege that the Home Affordable Mortgage Program (HAMP) guidelines created a duty independent of Defendant's contractual duties, forming the basis for a negligence claim. (Compl. ¶ 43; Pls.' Resp. 5-6.) Defendant argues that there is no duty independent of their contractual duties that could give rise to a negligence claim, and thus Plaintiffs' claim fails as a matter of law. (Def.'s Br. 22.) Defendant is correct.

The prima facie case of negligence requires a plaintiff to show "(1) that the defendant owed a duty to the plaintiff, (2) that the defendant breached the duty, (3) that the defendant's breach of the duty caused the plaintiff injures, and (4) that the plaintiff suffered damages." *Lelito v. Monroe*, 729 N.W.2d 564, 566 (Mich. Ct. App. 2006). Where there is also a contract at issue, the claim in tort must be based on a "duty [that] arises separately and distinctly from the contractual agreement[.]" *Loweke v. Ann Arbor Ceiling & Partition Co., LLC*, 809 N.W.2d 553, 560 (Mich. 2011). While failure "to comply with HAMP regulations may provide evidence of negligent conduct under Michigan law, [a plaintiff] must still show that the HAMP regulations impose on servicers a duty of care

owed to borrowers." *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 299 (6th Cir. 2015). "The fact that federal regulations can provide evidence of negligence does not mean that they impose a duty of care." *Clark v. Ocwen Loan Servicing, LLC*, No. 15-659, 2015 WL 6159447, at *7 (W.D. Mich. Oct. 20, 2015). As the Sixth Circuit and other district courts have held, "Michigan courts have not recognized that such a duty exists under HAMP." *Id.* Therefore, Plaintiffs' negligence claim is dismissed.

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss (Dkt. # 6) is GRANTED. Counts II, IV, and V are DISMISSED and Counts I and III are DISMISSED WITHOUT PREJUDICE.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: November 16, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 16, 2015, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522